# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America,  ) | |
| ) | |
| Plaintiff,  ) | C.A. No.: 2:13-cr-811-PMD |
| ) | |
| v.  ) | |
| ) | **MEMORANDUM OPINION** |
| Kareem A. Doctor,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

This matter is before the Court for the purpose of memorializing the ruling it made at a December 1, 2015 sentencing hearing, in which it sentenced Defendant to 180 months in prison pursuant to 18 U.S.C. § 924(e). This Memorandum Opinion is not intended to replace or modify the judgment that the Court entered on December 1, but only to explain in more detail the arguments that the parties have made on whether § 924(e) applies in this case and the Court's reasoning for ruling that it does.

## PROCEDURAL HISTORY

Defendant pled guilty to a one-count indictment that charged him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Subsequently, a probation officer prepared a pre-sentence investigation report. In the report, the probation officer noted that Defendant had two prior convictions for possession with intent to distribute cocaine and another for strong-arm robbery. The probation officer found those three convictions constitute predicate offenses and therefore Defendant was subject to the fifteen-year mandatory minimum sentence in § 924(e)(1).

Defendant objected to the report. Although he agreed that each of his two prior cocaine convictions constituted a predicate "serious drug offense," *see* § 924(e)(2)(A), he argued that his

prior robbery conviction did not constitute a "violent felony" and therefore was not a predicate offense, *see* § 924(e)(2)(B).  The probation officer responded that Defendant's robbery conviction was a predicate violent felony because it fit within § 924(e)(2)(B)(i).

The Court conducted a sentencing hearing on December 1, 2015.  At the hearing, both the Government and Defendant stated they had no objections to any of the factual statements in the PSR, and the Court adopted the PSR's factual statements as its own findings of fact.  Defendant, however, continued to assert that his prior robbery conviction did not constitute a violent felony under any of the definitions in § 924(e)(2)(B).  After the Court heard argument on that issue from Defendant and from the Government, it ruled that Defendant's prior robbery conviction is a violent felony under § 924(e)(2)(B)(i).  Accordingly, the Court overruled Defendant's objection, held that Defendant was subject to the fifteen-year minimum prison sentence of § 924(e)(1), and sentenced Defendant to that minimum term.  The Court stated it would issue a written decision explaining its reasoning in greater detail, and it gave the parties two days to submit briefs on any matters they wanted the Court to consider as it prepared its written decision.  Each party submitted a sentencing memorandum to the Court on December 3.

## DISCUSSION

"[A] person who violates [18 U.S.C. §] 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined . . . and imprisoned not less than fifteen years."  § 924(e)(1).  As mentioned above, the sole issue before the Court at sentencing was whether Defendant's prior strong-arm robbery conviction constitutes a "violent felony" and thus counts as a predicate offense under § 924(e)(1).  If so, Defendant would have three previous convictions and would be

2

subject to the fifteen-year mandatory sentencing floor in § 924(e)(1).  If not, his maximum possible prison sentence would be ten years.  *See* 18 U.S.C. § 924(a)(2).

There are several ways in which a prior conviction can constitute a violent felony under § 924(e).  Section 924(e) defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, [or] involves use of explosives. . . .;[1]

§ 924(e)(2)(B).  At the hearing, the Court held Defendant's prior robbery conviction categorically constitutes a violent felony under § 924(e)(2)(B)(i), which is often called the "force clause."  *See, e.g.*, *United States v. Aparicio-Soria*, 740 F.2d 152, 159 (4th Cir. 2014).  The Court summarized its reasoning for that holding from the bench.  It will now do so in more detail.

When determining whether a defendant's prior conviction qualifies as a violent felony under § 924(e), sentencing courts are generally to focus on only "the fact of conviction and the statutory definition of the prior offense" rather than the specific conduct underlying the offense.  *Taylor v. United States*, 495 U.S. 575, 602 (1990).  This analysis is called the "categorical approach."  *United States v. Peterson*, 629 F.3d 432, 436 (4th Cir. 2011).  "The categorical approach involves two steps.  *First*, a court must distill a 'generic' definition of the predicate offense based on how the offense is defined 'in the criminal codes of most states.'"  *Id.* (quoting *Taylor*, 495 U.S. at 598).  "*Second*, after finding the generic form of the predicate offense, a

---

1. In full, § 924(e)(2)(B)(ii) provides "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." (emphasis added)  However, this past June, the Supreme Court held that the emphasized language, known as the "residual clause," is unconstitutionally vague.  *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

3

court must determine whether the defendant's prior conviction constituted a conviction of the generic offense." *Id.* "That determination is made categorically, not by comparing the defendant's prior conduct with the generic offense, but rather by comparing the elements of the crime of conviction with the generic offense." *Id.*

The offense at issue here is a 2004 South Carolina conviction for common law strong arm robbery, a crime the Supreme Court of South Carolina has defined as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another in his presence by violence or by putting such person in fear." *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003) (citing *State v. Gourdine*, 472 S.E.2d 241, 241 (S.C. 1996)). The *Rosemond* court explained that "[t]he gravamen of a robbery charge is a taking from the person or immediate presence of another by violence or intimidation," and that intimidation occurs when "an ordinary, reasonable person in the victim's position would feel a threat of bodily harm from the perpetrator's acts." *Id.* at 758–59 (citing *United States v. Wagstaff*, 865 F.2d 626, 627–29 (4th Cir. 1989); *State v. Hiott*, 276 S.E.2d 163, 167 (S.C. 1981)).

At the sentencing hearing and in its post-hearing submission, the Government argued that under the definition of strong arm robbery set forth in *Rosemond*, Defendant's robbery constitutes a violent felony under both the categorical approach and the "modified categorical approach."[2] At the hearing, the Court applied the categorical approach. The Court first looked to

---

2.   Periodically a defendant is convicted of an offense or under a statute that has "potential offense elements in the alternative, render[ing] opaque which element played a part in the defendant's conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Such offenses are divisible; that is, they "'set out elements in the alternative and thus create multiple versions of the crime.'" *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) (quoting *United States v. Montes–Flores*, 736 F.3d 357, 365 (4th Cir. 2013)); *see also United States v. Gomez*, 690 F.3d 194, 199 (4th Cir. 2012) (stating divisible offenses "contain[ ] divisible categories of proscribed conduct, at least one of which constitutes—by its elements—a violent felony."). If an offense is divisible, the sentencing court may review certain underlying state-materials relating to the prior conviction "only to assess whether the plea was to the version (*continued on next page*)

the Model Penal Code, which states: "A person is guilty of robbery if, in the course of committing a theft, he: (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury. . . ." Model Penal Code § 222.1(1); *see also Peterson*, 629 F.3d at 436 (noting that in *Taylor*, the Supreme Court used the Model Penal Code and a modern criminal law textbook to distill the generic definition of the potential predicate offense at issue). That definition of the generic offense sufficiently matches the definition of "violent felony" in § 924(e)(2)(B)(i). Next, the Court compared that definition to the one articulated in *Rosemond* and found that it fit the Model Penal Code definition and, therefore, § 924(e)(2)(B)(i). Accordingly, the Court concluded, Defendant's conviction was a violent felony under § 924(e)(2)(B)(i).

In reaching its conclusion, the Court relied on several opinions that involved either South Carolina's strong arm robbery offense or a similarly-defined offense in a different state. First, in *United States v. Presley*, the defendant was convicted of robbery in Virginia, which defined that offense as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." 52 F.3d 64, 69 (4th Cir. 1995) (citations and quotation marks omitted); *cf. Rosemond*, 589 S.E.2d at 758–59 ("The gravamen of a robbery charge is a taking from the person or immediate presence of another by violence or intimidation."). Using the categorical approach, the Fourth Circuit had no difficulty concluding the defendant's Virginia robbery conviction was a violent felony under § 924(e)(2)(B)(i). *See* 52 F.3d at 69 ("Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, Presley's robbery convictions were properly used as predicates under [§ 924(e)]."). This Court found

---

of the crime . . . corresponding to the generic offense." *Shepard v. United States*, 544 U.S. 13, 25–26, (2005) (internal quotation marks omitted). The limited review of those underlying materials has been called the "modified categorical approach." *Montes–Flores*, 736 F.3d at 364.

*Presley* persuasive because of the strong similarities between South Carolina's and Virginia's definitions of robbery.

Second, the Fourth Circuit has held on at least two occasions that South Carolina convictions for strong arm robbery constitute violent felonies under § 924(e)(2)(B). *See United States v. Wiley*, 449 F. App'x 269, 270 (4th Cir. 2011) (per curiam); *United States v. Jones*, 312 F. App'x 559, 560 (4th Cir. 2009) (per curiam). Although both opinions are unpublished and involved either *Anders*[3] review (*Jones*) or plain-error review (*Wiley*), the Court believed they were instructive. Notably, in *Jones*, the Fourth Circuit expressly considered the definition of strong arm robbery from *Rosemond*,[4] *see Jones*, 312 F. App'x at 560, and in *Wiley*, the Fourth Circuit cited *Jones* for its holding, *Wiley*, 449 F. App'x at 270.

Finally, the Court relied on *United States v. Walker*, 595 F.3d 441 (2d Cir. 2010). In that case, the Second Circuit analyzed whether the defendant's South Carolina strong arm robbery conviction constituted a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), which has language identical to 18 U.S.C. § 924(e)(2)(B)(i). *See* 595 F.3d at 445–47. After examining *Rosemond* in some detail, the Second Circuit held the conviction "categorically qualifie[d]" as a crime of violence under U.S.S.G. § 4B1.2(a)(1). The Fourth Circuit has held that, due to the striking similarities between U.S.S.G. § 4B1.2(a) and 18 U.S.C. § 924(e)(2)(B), precedents interpreting one provision "apply with equal force" to the other. *United States v. Yarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010). Accordingly, this Court found *Walker* persuasive in its categorical analysis of Defendant's conviction.

---

3.  *See Anders v. California*, 386 U.S. 738 (1967).

4.  In *Jones*, the Fourth Circuit quoted *Gourdine*. *See* 312 F. App'x at 560. However, the definition in *Rosemond* comes from *Gourdine*—in fact, when it defined strong arm robbery, the *Rosemond* court was closely paraphrasing *Gourdine*.

6

Defendant contended that *Presley* is not persuasive authority because another South Carolina case defines robbery in a manner that differs substantially from Virginia's definition. *See State v. Scipio*, 322 S.E.2d 15, 16 (S.C. 1984) (stating robbery can be committed "against the will or without consent"). Defendant's argument, however, failed to take into account that *Rosemond* greatly post-dates *Scipio* or that the South Carolina sample jury instructions on robbery track the language of *Rosemond*, rather than that of *Scipio*:

> In order to prove robbery, the State must prove beyond a reasonable doubt that the defendant took the personal property from the person or presence of another person, without that person's consent, and carried it away. Property is in the presence of a person if it is within the person's reach, inspection, observation, or control so that the person could, if not overcome with violence or prevented by fear, retain possession of the property. . . . The taking and carrying away of the property must have been done with violence or by putting the owner of the property in fear of violence.

S.C. Judicial Department, Suggested Jury Instructions—Criminal, http://www.sccourts.org/juryCharges/GSInstructions.2015.pdf (last visited Dec. 7, 2015). The fact that these instructions are published by the state's judiciary indicates that the definition in *Rosemond* is the one prevailing in South Carolina. Moreover, Defendant's argument was unpersuasive because it offered no explanation of why it was error for the courts in *Wiley*, *Walker*, and *Jones* to use the *Rosemond* definition, rather than that of *Scipio*.

Defendant also argued that under *Johnson v. United States*, 559 U.S. 133 (2010), South Carolina's definition could not satisfy § 924(e)(2)(B)(i) because it includes constructive force and thus is not limited to conduct involving violent force or the attempt or threat to use it. *See Johnson*, 559 U.S. at 140 (stating that "physical force" in § 924(e)(2)(B)(i) "means *violent* force—that is, force capable of causing physical pain or injury to another person"). Defendant contended *Rosemond* demonstrates that deficiency, as the defendant in that case intimidated the victim "merely by glar[ing]" at her. (Def.'s Supp'l Sentencing Mem., ECF No. 70, at 4.)

7

Defendant's recitation of the facts in *Rosemond* was incomplete. In *Rosemond,* the defendant entered a convenience store at 9:00 p.m. 589 S.E.2d at 758. After spending five minutes in the restroom, he went behind the counter, glared at the store employee, who was standing "just a few feet" away, and flipped a cash register into the air, causing it to fall to the ground. *Id.* He then lifted it again and slammed it down against the ground so hard that register opened. *Id.* The store employee ran behind a freezer door because she was frightened by the defendant's glare *and* by his acts of flipping and slamming the "pretty heavy" cash register to the ground. *Id.* The Supreme Court found that all of this evidence—not just the evidence of the glare—was sufficient evidence that a reasonable person in the employee's position "would have felt a threat of bodily harm from petitioner's acts." *Id.* at 759. Thus, the Court found Defendant's argument to be without merit.

Finally, Defendant argued that his robbery conviction did not fall within any of the offenses enumerated in § 924(e)(2)(B)(ii). The Government countered that the conviction could fit somewhere within that clause. The Court did not reach that issue at the hearing, and in light of its conclusions above, it need not do so here.[5]

## CONCLUSION

For the foregoing reasons, the Court found that Defendant had three predicate offenses under § 924(e), which required the Court to sentence him to at least fifteen years in prison.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 7, 2015**
**Charleston, South Carolina**

---

5. Similarly, the Court did not, and does not, decide whether, under the modified categorical approach, the defendant's conviction would fit within § 924(e)(2)(B)(i).

8