# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Kareem A. Doctor, | ) |
|                 Petitioner, | ) Case No.: 2:13-cr-811-PMD |
|        v. | ) |
| | ) **ORDER** |
| United States of America, | ) |
|                 Respondent. | ) |

Federal prisoner Kareem Doctor moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 86). The Court has thoroughly reviewed the record and finds the motion suitable for disposition without an evidentiary hearing and without a response from the Government. *See* § 2255(b). For the reasons set forth herein, the Court denies Doctor's motion.

## BACKGROUND

Doctor pled guilty to a one-count indictment that charged him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Subsequently, a probation officer prepared a pre-sentence investigation report ("PSR"). The PSR stated Doctor had two prior convictions for possession with intent to distribute cocaine and another for strong-arm robbery. The probation officer found those three convictions constitute predicate offenses and therefore Doctor was subject to the Armed Career Criminal Act's fifteen-year mandatory minimum sentence. *See* 18 U.S.C. § 924(e)(1).

Doctor objected to the PSR. He argued that, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior robbery conviction did not constitute a "violent felony" and therefore was not a predicate offense. *See* 18 U.S.C. § 924(e)(2)(B). The Court disagreed and, applying the ACCA, sentenced Doctor to the mandatory minimum fifteen years in prison. Doctor appealed, challenging the Court's decision about his robbery conviction. The Fourth Circuit affirmed.

*United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016). The Supreme Court denied certiorari. *Doctor v. United States*, 137 S. Ct. 1831 (2017) (mem).

Doctor filed his § 2255 motion on August 10, 2017.

## APPLICABLE LAW

Doctor proceeds under § 2255(a), which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Doctor bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).

The Court applies those standards recognizing that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that it must liberally construe *pro se* filings to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The liberal construction requirement, however, does not mean the Court can ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The ACCA mandates that "a person who violates [18 U.S.C. §] 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined . . . and imprisoned not less than fifteen years." § 924(e)(1). Doctor appears to be arguing that he does not have the required three "convictions . . . committed on occasions different from one another" because he was convicted of all three of his ACCA predicate offenses on the same day.[1]

---

1. Doctor's one asserted ground for relief consists of the following statement: "In 2004 was my only conviction." (§ 2255 Motion, ECF No. 86, at 4.) That statement, taken literally, is plainly incorrect; Doctor has numerous prior

Doctor did not raise this issue to the Fourth Circuit on direct appeal, so it is procedurally defaulted. *See United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Nothing in the record suggests the Court should excuse the default. *See id.* In any event, the Court disagrees with Doctor's argument. The record plainly indicates that each of the three offenses—which Doctor committed on April 2, 2003, February 1, 2004, and May 8, 2004, respectively—was a separate and distinct criminal episode. *See United States v. Carr*, 592 F.3d 636, 640 (4th Cir. 2010). The fact that Doctor was convicted of all three offenses on the same day does not transform them into a single ACCA predicate offense. *See United States v. Davis*, 532 F. App'x 406, 407 (4th Cir. 2013) (per curiam). Because Doctor has three convictions for ACCA predicate offenses that he committed on separate occasions, his challenge fails.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Doctor's § 2255 motion is **DENIED**. The Court declines to issue a certificate of appealability.[2]

PATRICK MICHAEL DUFFY
United States District Judge

**August 17, 2017**
**Charleston, South Carolina**

---

convictions that span several years. However, the PSR indicates that on December 16, 2004, Doctor was convicted of the robbery offense and the two drug offenses on which his ACCA enhancement was based. Viewing Doctor's statement in light of that fact, it appears he is making an argument relating to the "committed on occasions different from one another" requirement in § 924(e)(1). The Court therefore liberally construes Doctor's motion as making that argument.

2.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Doctor has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.